UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARLOS SALVADOR MARTÍNEZ and
FELIPE SÁNCHEZ CAMPOS,

                Plaintiff,

        -vs.-                           COM.
                                    JURY

NEWLINE CONSTRUCTION CORP.,
VAB CONSTRUCTION & DEVELPOMENT CORP.,
JACK & JUN CONSTRUCTION INC.,
JACK BASELICE, ROBERT BASELICE
& SAMANTHA LAPELLA,

                Defendants.
-----------------------------------------------------------------X



CV10 - 1720

WEXLER, J.

LINDSAY, M.J.

      Plaintiffs, CARLOS SALVADOR MARTINEZ and FELIPE SANCHEZ CAMPOS, by and through their attorneys, THE LAW OFFICE OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows upon information and belief:

### THE PARTIES

      1. The plaintiff CARLOS SALVADOR MARTINEZ (hereinafter "Martinez") is an individual residing in the Bronx, New York.

      2. The plaintiff FELIPE SANCHEZ CAMPOS (hereinafter "Campos") is an individual residing in Brooklyn, New York.

3. Upon information and belief, the defendant NEWLINE CONSTRUCTION CORP. (hereinafter "Newline") was a domestic business that became inactive on March 29, 2004.

4. Upon information and belief, the defendant VAB CONSTRUCTION & DEVELOPMENT CORP. (hereinafter "VAB") was and is a foreign business corporation duly licensed to do business in New York, or otherwise subject to the jurisdiction of the Courts of New York.

5. Upon information and belief, the defendant JACK & JUN CONSTRUCTION, INC. (hereinafter "Jack & Jun") was and is a foreign business corporation duly licensed to do business in New York, or otherwise subject to the jurisdiction of the Courts of New York.

6. Upon information and belief, the defendant Jack & Jun is a successor corporation to VAB, which is a successor of Newline, (hereinafter all entities will be collectively referred to as "the defendant corporations").

7. Upon information and belief, the Defendant ROBERT BASELICE (hereinafter "ROBERT") is an individual who resides at 400 Bradford Avenue, Staten Island, New York 10309.

8. Upon information and belief, and at all times relevant to this complaint, the Defendant Robert served as a principal, officer and/or manager of the defendant corporations.

9. Upon information and belief, the Defendant JACK BASELICE (hereinafter "Jack") is an individual who resides at 152 Bay 11th Street, Brooklyn, New York, 11228.

10. Upon information and belief, and at all times relevant to this complaint, the Defendant Jack served as a principal, officer and/or manager of the defendant corporations.

11. Upon information and belief, the Defendant SAMANTHA LAPELLA (hereinafter "Lapella") is an individual who resides at 414 Harold Avenue, Staten Island, New York 10312.

12. Upon information and belief, and at all times relevant to this complaint, the Defendant Lapella served as a principal, officer and/or manager of the defendant corporations.

## *JURISDICTION AND VENUE*

13. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.., and plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Article 6 of the Labor Law and 12 NYCRR § 142-2.2.

14. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar there is a defendant who resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in Richmond County, within this Judicial District.

## FACTUAL ALLEGATIONS

15. At all times relevant to this complaint, defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203(b).

16. At all times relevant to this complaint, and in the course of their duties, plaintiffs regularly handled products, which had been moved in commerce.

17. From 2003 up and until May 10, 2009, the plaintiffs were employed full time by the defendants as construction workers.

19. The plaintiffs' scheduled work week was supposed to be Monday through Friday from 8:00 AM to 4:30 PM.

20. For all times herein pertinent prior to January 6, 2006, plaintiffs were to be paid $650 biweekly, or $325 per week. From January 6, 2006 going forward, plaintiffs were to be paid $800.00 biweekly, or $400.00 per week.

21. The plaintiffs regularly worked for the defendants in excess of the forty (40) hour work week. They worked 70% of all Saturdays and 20% of all Sundays. However, the plaintiffs were generally not compensated at all for their overtime work, however, defendants were compensated for approximately 20% of the weekend work at their regular rate of pay.

22. At all times relevant to this complaint, the Plaintiffs performed their construction duties for the defendant corporations, under the direct supervision and control of the defendants Robert and Jack.

23. Further, at all times relevant to this complaint, the defendants Robert, Jack and Lapella issued plaintiffs their pay.

24. Upon information and belief, the defendant corporations were and continue to be a closely held family run construction enterprise, which are closely controlled by Robert, Jack, and Lapella.

22. At all times relevant to this complaint, the defendants Robert, Jack, and Lapella acted as plaintiffs' employers within the meaning of FLSA and New York State's Labor Law.

23. The defendants wrongfully and without justification did not pay plaintiffs, at all, for work performed by the plaintiffs during the period of April 12, 2009 through May 10, 2009.

### AS AND FOR A FIRST CAUSE OF ACTION FEDERAL FAIR LABOR STANDARDS ACT AGAINST THE DEFENDANTS, AND EACH OF THEM

24. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

25. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

26. Plaintiffs were and are entitled to payment at one and a half times their regular rate for all of the hours aforesaid pursuant to 29 U.S.C. § 207, but to the extent that they received any payment, such payment was at their regular rate.

27. The hour's plaintiffs worked, in excess of their 40-hour work weeks, during the three-year period preceding the filing of this complaint, were as follows: between March 3, 2007 and April 11, 2009, which was a period of 109 weeks, plaintiffs worked 70% of all Saturdays and 20% of all Sundays.

28. The general practice was that plaintiffs generally worked 70% of all Saturdays and 20% of all Sundays. Computation is therefore facilitated as follows: Every ten weeks, plaintiffs each worked 7 Saturdays and 2 Sundays, for a total of 9 days of overtime, at 8 hours per day. Therefore, plaintiffs worked 72 hours of overtime every ten weeks, or 7.2 hours per week.

29. Computation is therefore Plaintiffs worked 7.2 hours per week for 109 weeks during this period, or 784 hours.

30. Plaintiffs' base wage during this period was $400 per week, which is $10 per hour based upon a 40-hour week. Plaintiffs' overtime rate is therefore $15 per hour.

31. Plaintiffs are therefore entitled to payment of $11,760 for their overtime during this period, less certain credits.

32. Plaintiffs were paid for weekend work 20% of the time at $80 per day. Therefore, to give the defendants appropriate credit, plaintiffs worked 7.2 hours of overtime per week, and were compensated for 20% of these hours at the rate of $10 per hour. (7.2 x .2 x $10 =) or $14.40 per week x 109 weeks = $1,570). Therefore, the total due for overtime during this period is $11,760 - $1,570 = $10,190.

33. Plaintiffs are therefore each entitled to payment of $10,190 each for the period between March 3, 2007 and April 11, 2009.

34. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to an additional $10,190.00 each, as and for liquidated damages, together with reasonable attorney's fees and costs.

35. Pursuant to 29 U.S.C. § 203(d), the defendants, Robert, Jack and Lapella at all times herein pertinent, acted directly or indirectly in the interest of an employer in relation to the employees in general, and the plaintiffs in particular.

36. By virtue of 29 U.S.C. § 206(b), the defendants Robert, Jack and Lapella are employers, and are liable for all sums awarded to plaintiff pursuant to this cause of action.

### AS AND FOR A SECOND CAUSE OF ACTION STATE WAGE AND HOUR LAWS & REGULATIONS AGAINST THE DEFENDANTS, AND EACH OF THEM

37. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

38. Pursuant to §§ 650 et seq. & 190 et. Seq. of the New York State Labor Law and 12 NYCRR §142-2.2, plaintiff was required to be paid time and a half for overtime.

39. The hours plaintiffs worked for defendants, and each of them, in excess of their 40-hour work weeks, for the period of January 6, 2006 through March 2, 2007, are calculated as follows: plaintiffs each worked 7.2 hours per week of overtime as calculated

above. Therefore, for this period they worked 7.2 hours times 60 weeks for a total of 432 hours. 432 hours at $15.00 an hour is $6,480.

40. Plaintiff's were paid for 20% of their overtime hours at straight time. Therefore, 7.2 hours times 20% equals 1.44 hours per week for which they were paid at 10.00 per hour, which is 14.40 per week, for a period of 60 weeks equals $864, for which the employer is entitled to credit.

41. $6,480 less the defendants' credit of $864 is $5,616.

42. The hours plaintiffs worked for defendants, in excess their 40 hour work weeks, for the period of March 3, 2004 through January 5, 2006 are calculated as follows: plaintiffs worked 7.2 hours per week of overtime as calculated above. Therefore, for this period they worked 7.2 hours multiplied by 96 weeks for a total of 691 hours. 691 hours at $12.18, (their regular rate at $325/wk is $8.12 per hour x 1.5 = $12.18) is $8,416.

42. Plaintiffs were paid for 20% of their overtime hours at straight time, which was 325 per week, or 8.12 per hour. Therefore, 7.2 hours times 20% equals 1.44 hours per week for which they were paid at 8.12 per hour, which is 11.70 per week, for a period of 96 weeks equals $1,123, for which the employers are entitled to credit.

43. $8,416 less the defendant's credit of $1,123 is $7,293 for each plaintiff on the State claim.

44. Therefore, plaintiffs are entitled to $5,616 for the period of January 6, 2006 through March 2, 2007, and $7,293 for the period between of March 3, 2004 through January 5, 2006, which is $12,909.

45. The violations of New York State law herein complained of were willful and in bad faith, entitling plaintiff's to liquidated damages in the amount of $3,227, plus attorneys fees.

45. At all times herein pertinent, the defendants Robert, Jack and Lapella acted as employers within the meaning of New York State Labor Law and are each individually liable.

### AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

46. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47. The defendants' failure to pay plaintiffs their salaries for the weeks of April 12, 2009 through May 10, 2009 was a material breach of the employment agreement entered into between the plaintiffs and defendants.

48. By virtue thereof, plaintiffs are entitled to $1,600 each.

## *JURY DEMAND*

49.     Pursuant to F.R.Civ.P. 38 plaintiff requests trial by jury on all issues subject to determination by a jury.

WHEREFORE, plaintiffs pray judgment:

Upon the First Cause of Action, against the defendants, and each of them, in favor of each plaintiff, in the sum of $20,380.00, in favor plus attorney's fees, costs, and interest from the date of accrual, as applicable, of the principal unpaid sum; and

Upon the Second Cause of Action, against the defendants, and each of them, in favor of each plaintiff, in the sum of $51,636.00, plus attorney's fees, and interest from the date of accrual, as applicable, of the principal unpaid sum;

Upon the Third Cause of Action, against the defendants, and each of them, in favor of each plaintiff, in the sum of $1,600.00, plus consequential damages and interest from the date of accrual, as applicable, of the unpaid principal sum.

Dated: New York, New York
       April 14, 2010

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO

                                    _____
                                    William Cafaro (WC2730)
                                    Attorneys for Plaintiffs
                                    19 West 44th Street, Ste. 1500
                                    New York, New York 10036
                                    (212) 583-7400
                                    File No. 52509

To:

NEWLINE CONSTRUCTION CORP.
404 ASHLAND AVE.
STATEN ISLAND, NY 10309

VAB CONSTRUCTION & DEVELOPMENT CORP.
404 ASHLAND AVE.
STATEN ISLAND, NY 10309

JACK & JUN CONSTRUCTION INC.
290 CRESCENT ST 1 FL
BROOKLYN, NEW YORK, 11208

JACK BASELICE
152 Bay 11th Street
Brooklyn, New York 11228

ROBERT J. BASELICE
400 Bradford Avenue
Staten Island, NY 10309-2921

SAMANTHA K. LAPELLA
414 Harold Avenue
Staten Island, NY 10312-6024